UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS GBEINTOR, SR., | No. 2:16-cv-1122 KJM GGH PS |
| Plaintiff, | |
| v. | ORDER |
| OFFICE OF LEGISLATIVE COUNSEL, | |
| Defendant. | |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has filed an incomplete application to proceed without prepayment of fees. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff states that he receives a take home salary of $3400 but has not specified a pay period for this amount. (ECF No. 2.)

Plaintiff will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee. If plaintiff submits another affidavit, he must set forth precisely the amount he receives as take home wages and the pay period for the amount stated.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

1

any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The complaint alleges that plaintiff, a business analyst and product manager in the Chambers and Committee Divisions of the Office of Legislative Counsel ("Legislative Counsel"),

was denied equal pay for the period 2011 through 2015 "for performing the same tasks along with colleagues in the same department with higher classifications." (ECF No. 1 at 5.) Plaintiff also claims all his colleagues received promotions but he did not, despite working with them and performing the same work load. Id. The complaint seeks retroactive pay from Legislative Counsel, as well as punitive damages.

The Equal Pay Act provides in part:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions....

29 U.S.C. § 206(d)(1).

An Equal Pay Act case requires a plaintiff to prove discrimination by showing that employees of the opposite sex were paid different wages for equal work. Stanley v. University of Southern California, 178 F.3d 1069, 1073-74 (9th Cir. 1999).

Plaintiff has failed to state a claim under the Equal Pay Act ("EPA") because he has not alleged that Legislative Counsel paid men less than women for performing equal work. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the actions of Legislative Counsel violated the EPA.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Once plaintiff files an amended complaint, the original pleading no longer serves an operative function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff shall submit, within twenty-one (21) days from the date of this order, either a completed application and affidavit in support of his request to proceed in forma pauperis as outlined above, on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed; and

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  The amended complaint must comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" failure to file an amended complaint will result in a recommendation that this action be dismissed.

Dated: July 6, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Gbeintor1122.ifp-amd